# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UBAH HALANE and ASHKIR HOSH,<br><br>                                            Plaintiff,<br><br>         vs.<br><br>STATE OF CALIFORNIA SOCIAL<br>SERVICES and COUNTY OF SAN DIEGO,<br><br>                                        Defendant. | CASE NO. 11CV2831 JLS (BGS)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

Presently before the Court is Ubah Halane and her son Ashkir Hosh's ("Plaintiffs") motion to proceed *in forma pauperis* ("IFP"). (IFP, ECF No. 2) Plaintiffs, proceeding pro se, have submitted a civil action alleging violations of the Fifth Amendment, Sixth Amendment, Fourteenth Amendment, and the Americans with Disabilities Act. (Compl., ECF No. 1)

## MOTION TO PROCEED IFP

A Federal Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that she is unable to pay the required filing fee. 28 U.S.C. § 1915(a). Plaintiff Halane attests that she is currently and has been unemployed since February 2007, and that in the past twelve months her only source of income has been the receipt of $335.00 from the State of Arizona Department of Economic Security. (IFP 2, ECF No. 2) She claims that her current assets include $20.00 in a Bank of America checking account and a 2000 Toyota Siena. Based on this information, the Court **GRANTS** Plaintiffs' motion to proceed IFP.

1

**INITIAL SCREENING PER 28 U.S.C. § 1915(e)(2)(b)(ii)**

2      Notwithstanding IFP status, the Court must subject each civil action commenced pursuant

3   to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it

4   finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks

5   monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B);

6   *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C.

7   § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir.

8   2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua

9   sponte dismiss and IFP complaint that fails to state a claim).

10      Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte

11   dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1130.  However, as amended,

12   28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP

13   provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal

14   to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3).  *See id.* at 1127; *Calhoun*,

15   254 F.3d at 845; *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997) (stating that sua

16   sponte screening pursuant to § 1915 should occur "before service of process is made on the

17   opposing parties").

18      "[W]hen determining whether a complaint states a claim, a court must accept as true all

19   allegations of material fact and must construe those facts in the light most favorable to the

20   plaintiff."  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also  Andrews v. King*, 398

21   F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

22   (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In

23   addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. L.A.

24   Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights

25   cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to

26   a pro se litigant's complaint, however, the court may not "supply essential elements of claims that

27   were not initially pled."  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.

28   1982).

1    Plaintiffs' complaint alleges violations of "5th amendment, 6th Amendment, 14th

2    amendment, ADA."  (Compl., ECF No. 1)  Although the complaint does not reference 42 U.S.C.

3    § 1983, "a complaint should not be dismissed if it states a claim under any legal theory, even if the

4    plaintiff erroneously relies on a different legal theory."  *Haddock v. Bd. of Dental Examiners of*

5    *Cal.*, 777 F.2d 462, 464 (9th Cir. 1985)).  Thus, the Court construe's the pro se Plaintiffs'

6    complaint as being brought under § 1983.  Section 1983 imposes two essential proof requirements

7    upon a claimant: (1) that a person acting under color of state law committed the conduct at issue,

8    and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by

9    the Constitution or laws of the United States.  42 U.S.C. § 1983; *Nelson v. Campbell*, 541 U.S.

10   637, 642 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

11   **1.  5th Amendment**

12       The Fifth Amendment protects an individual's right to presentment or indictment of a

13   Grand Jury, the right not to be twice put in jeopardy for the same offense, and the right against

14   self-incrimination.  U.S. CONST. amend. V.  It also provides for "just compensation" if private

15   property is taken for public use.  *Id.*  Finally, and most relevant here, the Fifth Amendment

16   prevents individuals from being "deprived of life, liberty, or property, without due process of law."

17   *Id.*  However, the Fifth Amendment's due process guarantee applies only to the federal

18   government.  *Barron v. Mayor of Balt.*, 32 U.S. (7 Pet.) 243 (1833).  Here, Plaintiffs do not allege

19   that the federal government played any role in their alleged injury.  Thus, Plaintiffs have failed to

20   state a Fifth Amendment violation.

21   **2.  6th Amendment**

22       The Sixth Amendment protects an individual's right to a speedy trial, the right to a public

23   trial, the right to an impartial jury, the right to be informed of the nature and cause of action

24   against the individual, the right to confront and cross-examine witnesses, the right to call witnesses

25   in the individual's favor, the right to be represented by counsel, and the right to represent oneself.

26   U.S. CONST. amend. VI.  None of these rights are implicated in Plaintiffs' complaint.

27   //

28   //

**3. 14th Amendment**

Plaintiff Halane contends that when her social worker placed her and her son in a storage room for visitation their Fourteenth Amendment rights were violated.  The Fourteenth Amendment provides both equal protection and due process guarantees.

*A.  Equal Protection*

The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (*quoting* U.S. CONST. amend XIV § 1)).  In order to state a claim under § 1983 alleging violations of the equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which demonstrate that he is a member of a protected class.  *See Harris v. McRae*, 448 U.S. 297, 323 (1980) (indigents); *see also City of Cleburne*, 473 U.S. at 440–41 (listing suspect classes).  In this matter, Plaintiffs have not sufficiently pleaded that they are members of a protected class nor have they pleaded any facts to demonstrate that Defendants acted with an intent or purpose to discriminate against them based upon their membership in a protected class.  *See Barren*, 152 F.3d at 1194.  Moreover, Plaintiff has also failed to allege sufficient facts which may prove invidious discriminatory intent.  *Vill. of Arlington Heights v. Metro. Housing Dev. Corp.*, 429 U.S. 252, 265 (1977).

*B.  Due Process*

The Fourteenth Amendment also provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law."   U.S. CONST. amend. XIV § 1.  This clause has both procedural and substantive components.  *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992).

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).  To state a procedural due process claim, Plaintiffs must allege: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process."  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000).

1   The liberty guaranteed by the Fourteenth Amendment is broad, but not unlimited.  *See Roth*, 408

2   U.S. at 572–73.

3          Here, Plaintiffs fail to state a claim because they have not alleged a deprivation of a liberty

4   or property interest protected by the Constitution.  Plaintiffs' allegations state only that Jane

5   Arena, a San Diego County Social Worker, "commit[t]ed a conduct of abuse when she placed

6   Ashkir and his mother in [a] storage room as a visitation room," which allegedly "caused a lot of

7   distress, confusion and emotional pain for both plaintiffs."  (Compl., ECF No. 1)  Even liberally

8   construed, Plaintiffs' allegations do not support a cognizable claim under the Fourteenth

9   Amendment.  Plaintiffs have not established any liberty or property interest in the type of room

10  they are entitled to for visitation purposes.  Without more, the Court cannot infer any deprivation

11  of liberty or property sufficient to state a Fourteenth Amendment violation.

12  **4. ADA**

13         "To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a

14  qualified individual with a disability; (2) she was excluded from participation in or otherwise

15  discriminated against with regard to a public entity's services, programs, or activities, and (3) such

16  exclusion or discrimination was by reason of her disability."  *Lovell v. Chandler*, 303 F.3d 1039,

17  1052 (9th Cir. 2002).

18         Here, Plaintiffs have alleged that Plaintiff Hosh suffers from autism, Attention Deficit

19  Hyperactivity Disorder, and diabetes.  (Compl., ECF No. 1)  However, even assuming Plaintiffs'

20  placement in a storage room for visitation constitutes discrimination "with regard to a public

21  entity's services, programs, or activities," Plaintiffs have not alleged sufficient facts that this

22  discrimination "was by reason of [Plaintiff Hosh's] disability."

23                                    **CONCLUSION**

24         For the reasons stated above, the Court **GRANTS** Plaintiffs' motion to proceed IFP

25  pursuant to 28 U.S.C. § 1915(a).  However, the Court must **DISMISS** Plaintiffs' complaint for

26  failure to state a claim, but will provide Plaintiffs with the opportunity to amend their complaint to

27  correct the deficiencies of the pleading identified by the Court.  Plaintiffs' complaint is therefore

28  **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).  Plaintiffs, if

1   they wish, shall file an amended complaint within 28 days of the date this Order is electronically

2   docketed.

3         **IT IS SO ORDERED**.

4   DATED:  January 4, 2012

5

                               Honorable Janis L. Sammartino

6                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28